EILEEN A. GALLAGHER, P.J., DISSENTING:
 

 {¶ 21} For the following reasons, I respectfully dissent from the majority opinion. Because I find that the state failed to prove by clear and convincing evidence that Durant is "likely to engage in the future in one or more sexually oriented offenses," I would reverse the trial court's finding that he qualifies as a sexual predator.
 

 {¶ 22} The psychiatric report prepared by Michael Caso identified four risk factors for recidivism applicable to Durant: (1) his victim was unrelated, (2) he had prior criminal offenses, (3) he had never married or been in a cohabitating relationship for more than two years and (4) he failed to complete sex offender treatment. I find the third factor to be inapplicable to Durant because he committed the present offense at the age of 19. To penalize him for not establishing a cohabitating relationship at the age of 17 is patently absurd. I find the fourth factor equally inapplicable. Although the record reflects that Durant failed to complete all potential sex offender treatment programs offered to him during his prison term, he did complete two separate programs in 1997 and 2013. In fact, the record from Durant's completed sex offender education program in 1997 reflects that he admitted to his offending behavior, appeared to have an improved understanding of the behavior and appeared to have increased victim empathy.
 

 {¶ 23} Conversely, the factors applicable to Durant that were identified as mitigating against recidivism are numerous: (1) no prior sexual offenses, (2) no sexual preference for children, (3) no male children victims, (4) no deviant sexual preferences, (5) no substance abuse problems, (6) older than 35 years of age at the time of release and (7) does not present traits or behaviors associated with antisocial personality disorder.
 

 {¶ 24} Furthermore, I find the majority's reliance upon Durant's Static-99 score to be misplaced. On the modernized Static-99R, which was updated to appropriately factor in an offender's age at the time of his release from prison, Durant scored a "4," placing him into the category of "low-moderate" risk for re-offending. However, Durant's score included one point for failing to have established a two-year continuous, cohabitating relationship. As I addressed above, I find this factor inapplicable to an individual who, in order to avoid being penalized, would have had to begin a cohabitating relationship before he or she reached the age of majority. Removing this penalty from Durant's Static-99R would reduce his score to a "3" and place him into the "low-moderate" category for risk of re-offending. Caso testified
 that an individual with a score of "3" on the Static-99R had a 6.6 percent chance of re-offending within five years.
 

 {¶ 25} On these facts I cannot say that the trial court's conclusion that Durant qualifies as a sexual predator is supported by competent, credible evidence in the record. I would reverse.